UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, | : : : : | Civil Action No. 09-cv-08633-JGK <br><br> CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| ENERGY*SOLUTIONS*, INC., et al., | : : | |
| Defendants. | : : | |
| BUILDING TRADES UNITED PENSION TRUST FUND, on Behalf of Itself and All Others Similarly Situated, | : : : : | Civil Action No. 09-cv-08648-JGK <br><br> CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| ENERGY*SOLUTIONS*, INC., et al., | : : | |
| Defendants. | : : | |

MEMORANDUM OF LAW IN SUPPORT OF THE INSTITUTIONAL INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

**I.     INTRODUCTION**

Presently pending before this Court are two-related securities class action lawsuits (the "Actions") brought on behalf of purchasers of the publicly-traded securities of Energy*Solutions*, Inc. ("Energy*Solutions*" or the "Company") in or traceable to the Company's initial public offering on or about November 14, 2007 (the "IPO") and the Company's secondary offering of securities on or about July 24, 2008 (the "July 2008 Offering") (collectively, the "Offerings"), as well as purchasers of the Company's common stock between November 14, 2007 and October 14, 2008, inclusive (the "Class Period"). The Actions allege violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").

Institutional investors New England Carpenters Guaranteed Annuity and Pension Funds, Building Trades United Pension Trust Fund and City of Roseville Employees' Retirement System (collectively, the "Institutional Investor Group") hereby move this Court pursuant to §27(a)(3)(B) of the Securities Act and §21D(a)(3)(B) of the Exchange Act, for entry of an order: (1) consolidating the related actions; (2) appointing the Institutional Investor Group as lead plaintiff for the class; and (3) approving the Institutional Investor Group's selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel.

The Institutional Investor Group is the "most adequate plaintiff," as defined by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), because, to the best of its knowledge, it has the largest financial interest of any moving class member or plaintiff who also satisfies the requirements of Fed. R. Civ. P. 23.[1] *See generally Rozenboom v. Van Der Moolen Holding, N.V.*,

---

[1]     *See* Declaration of David A. Rosenfeld in Support of the Institutional Investor Group's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Exs. A and B.

03-CV-8284 (RWS), 2004 U.S. Dist. LEXIS 6382 (S.D.N.Y. April 14, 2004); *Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201 (S.D.N.Y. 2007). Accordingly, its motion should be granted in full.

## II.    FACTUAL ALLEGATIONS

Energy*Solutions* is a provider of specialized, technology-based nuclear services to government and commercial customers. During the Class Period, the Company completed its IPO, raising approximately $765.90 million, and the July 2008 Offering, raising an additional $764.75 million.

The complaint alleges that, throughout the Class Period, in the offering documents for the Offerings and in other public comments, defendants made numerous positive statements regarding the Company's financial condition, business and prospects. The complaint further alleges that these statements were inaccurate statements of material fact when made because defendants failed to disclose the following adverse facts, among others: (i) that economic problems in the United States and internationally were adversely affecting the Company's ability to secure projects which would adversely affect its future results; (ii) that statements in the Offering documents about opportunities in the nuclear industry were materially misleading because Energy*Solutions* was not well situated in the near term to benefit from those opportunities; (iii) that on May 29, 2007, and prior to the IPO, the Company filed a petition for rulemaking (the "Petition") requesting that the Nuclear Regulatory Commission ("NRC") change well-established and longstanding regulations to allow funds from licensees' decommissioning trust funds to be used for the cost of disposal of major radioactive components that have been removed from reactors before the permanent cessation of operations; (iv) that the business prospects of the Company, including the Company's license stewardship initiative, were heavily dependent upon a favorable ruling from the NRC on the Petition; (v) that by the time of the Petition, the NRC had already addressed and rejected the issue raised by Energy*Solutions* in the

Petition; (vi) that the Company faced significant risks that the Petition would be rejected by the NRC because the NRC has long been clear that the purpose of the decommissioning trust funds is to ensure that licensees have adequate funds on hand for decommissioning activities at the time of license expiration; and (vii) that the rule change sought by the Petition was considerably more difficult and was much riskier than represented.

On October 14, 2008, Energy*Solutions* issued a press release that revealed, among other things, that the Company was reducing its estimates for net income, that the financial crisis would delay Energy*Solutions*' ability to accelerate the decommissioning of nuclear power plant assets, and that the NRC denied the Petition for rulemaking change. Following this announcement, the price of Energy*Solutions*' stock collapsed from $10.14 per share on October 13, 2008 to close at $5.64 per share on October 14, 2008 – a one day decline of $4.50 per share or 44% – on extremely heavy volume of 9.4 million shares.

## III. ARGUMENT

### A. This Court Should Consolidate the Related Actions

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).[2] Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. Consolidation is particularly appropriate in securities class action litigations such as this. *See id*. Both Actions relate to the same

---

[2] The references to the PSLRA in the Securities Act and the Exchange Act are identical. Accordingly, for ease of reading, reference is only made to the relevant sections of the Exchange Act.

series of false and misleading statements and arise under the Securities Act and the Exchange Act. Therefore, consolidation is appropriate. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

### B. The Institutional Investor Group Is the "Most Adequate Plaintiff"

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Act or the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice was published on October 9, 2009, on *Business Wire* in connection with the filing of the first-filed action. *See* Rosenfeld Decl., Ex. C. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)(i)(II), (B)(i); *Rozenboom*, 2004 U.S. Dist. LEXIS 6382, at *7.

Second, the PSLRA provides that within 90 days after publication of the notice the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The presumption afforded by the PSLRA can be rebutted by demonstrating that the presumptively most adequate plaintiff is "'subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"  *Glaxosmithkline*, 246 F.R.D. at 203 (citation omitted).

The time period in which class members may move to be appointed lead plaintiff in this case, under 15 U.S.C. §78u-4(a)(3)(A)-(B), expires December 8, 2009.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, the Institutional Investor Group has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

### 1. The Institutional Investor Group Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Institutional Investor Group purchased Energy*Solutions* common stock and **lost approximately $1.1 million** in connection therewith.  *See* Rosenfeld Decl., Ex. B.  To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.  15 U.S.C. §78u-4(a)(3)(B).

### 2. The Institutional Investor Group Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  The

Institutional Investor Group satisfies this requirement because, just like all other class members, it: (1) purchased Energy*Solutions* common stock during the Class Period; (2) purchased Energy*Solutions* common stock in reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Institutional Investor Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. *See In re Crayfish Co. Sec. Litig.*, 00-6766 (DAB), 2002 U.S. Dist. LEXIS 10134, at *14 (S.D.N.Y. June 6, 2002).

Under Fed. R. Civ. P. 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4) is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another." *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (citation omitted). Here, the Institutional Investor Group is adequate to represent the class because its interests are aligned with the interests of the class because it suffered from the artificial inflation of the price of Energy*Solutions* common stock and would benefit from the same relief. Furthermore, there is no evidence of antagonism between the Institutional Investor Group and the class as the Institutional Investor Group's members have also certified to their willingness to serve and act as representatives of the class. *See* Rosenfeld Decl., Ex. B. Finally, the three-member Institutional Investor Group affirmatively made the decision to move together as a group cognizant that they could have filed separate lead plaintiff motions or remained absent class members. *See Weltz v. Lee*, 199 F.R.D. 129, 132-33 (S.D.N.Y. 2001).

### C. The Court Should Approve the Institutional Investor Group's Selection of Coughlin Stoia as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead

plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Because the Institutional Investor Group has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of lead counsel should be approved.

Coughlin Stoia is actively engaged in complex litigation, emphasizing securities class actions. *See* Rosenfeld Decl., Ex. D. The firm possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See id.* Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia as lead counsel. *See Glaxosmithkline*, 246 F.R.D. at 204 ("Coughlin Stoia Geller Rudman & Robbins LLP . . . is well qualified and has successfully served as lead counsel . . . in numerous complex securities class actions.").

## IV.   CONCLUSION

For all the foregoing reasons, the Institutional Investor Group respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint it as Lead Plaintiff; and (3) approve its selection of Coughlin Stoia to serve as Lead Counsel.

DATED: December 8, 2009
COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
EVAN J. KAUFMAN

/s/ *David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
631/367-1173 (fax)

- 8 -

[Proposed] Lead Counsel for Plaintiffs

VANOVERBEKE MICHAUD & TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiff