UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, Plaintiff, vs. ENERGY*SOLUTIONS*, INC., et al., Defendants. | Civil Action No. 1:09-cv-08633-JGK **(Consolidated)** CLASS ACTION [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED 3/14/13

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated December 3, 2012, on the application of the Settling Parties for approval of the Settlement set forth in the Revised Settlement Agreement dated as of November 19, 2012. Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment incorporates by reference the definitions in the Revised Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Revised Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies for purposes of settlement only a Class defined as all Persons who acquired the common stock or depository shares of ES in or traceable to the Company's initial public offering on or about November 14, 2007 (the "IPO") and the Company's offering of securities on or about July 24, 2008 (the "July 2008 Offering") (collectively, the "Offerings") as well as purchasers of the Company's common stock or depository shares between November 14, 2007 and October 14, 2008, inclusive. Excluded from the Class are:

(a) Persons or entities who submitted valid and timely requests for exclusion from the Class (listed on Exhibit A hereto); and

(b) Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant

has or had a controlling interest during the Class Period, the officers and directors of any Defendant during the Class Period, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person. The Defendants or any entity in which any of the Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.* for its own account) interest in the Company's common stock. To the extent that a Defendant-Controlled Entity purchased ES stock in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Class with respect to such ES stock.

4. For purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Revised Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Revised Settlement Agreement and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Revised Settlement Agreement and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Revised Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Revised Settlement Agreement and herein.

8. Upon the Effective Date hereof, and as provided in the Revised Settlement Agreement, Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

9. Upon the Effective Date hereof, and as provided in the Revised Settlement Agreement, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action.

10. Upon the Effective Date hereof, and as provided in the Revised Settlement Agreement, Lead Plaintiffs and each of the Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Defendants and Defendants' counsel from all claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Action and the Released Claims.

11. Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not timely opted out of the Class, and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

12. The Notice of Pendency and Proposed Settlement of Class Action given to the Class in accordance with the Notice Order entered on December 4, 2012 was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Revised Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

13. Any plan of distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

14. Neither the Revised Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Revised Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and/or the Released Persons may file the Revised Settlement Agreement and/or this Judgment from this Action in any other action in which they are parties or that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Revised Settlement Agreement.

16. In the event that the Settlement does not become effective in accordance with the terms of the Revised Settlement Agreement, or the Effective Date does not occur, or in the event that

the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Revised Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Revised Settlement Agreement.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Revised Settlement Agreement.

18. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: 3/14/13

[signature]

THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

*ENERGY-EXCL00001*

[redacted]

RECEIVED EC
FEB 2 0 2013
CLAIMS CENTER

# Exclusion Cover Page

Case Name: EnergySolutions, Inc.

Case Code: ENERGY

Exclusion Deadline: 2/7/2013 (Postmark Date)

Name of Person Filing Exclusion: Gary Emerson

**Gary Emerson**

17 Jan 13

To whom it may Concern,

I wish to be excluded from the civil action No. 1:09-cv-08633-JGK, City of Roseville Emp. Ret. System -V- EnergySoulutions.

[signature]

GARY EMERSON

Log Off

Your last login was: 1/7/2013 12:28:16 PM ET

Detailed Quote:

Hello, GARY EMERSON

Help Print

- Balances
- Positions
- Portfolio Manager
- Watchlists
- Gain/Loss & Tax Center
- Account History
- Order Status
- Transfer Funds
- Deposits
- Withdrawals
- My Information & Preferences
- Alerts

Quick Quote

Symbol or Name

Symbol Lookup

Build an Option

DJIA $DJI
13,502.98 -31.91 (-0.24%)

NASDAQ $COMP
3,115.26 +4.49 (0.14%)

S&P 500 $SPX
1,471.64 -0.70 (-0.05%)

NYSE $NYA
8,705.01 -28.092 (-0.32%)

Market Closes in:
2 hour 44 minutes
1/16/2013 1:16 PM ET

Resize Page

## Account History

Transactions Confirmations Account Statements Tax Statements

Transaction History does not include today's transactions. Visit the page Help for more information

Date: All Available Transactions: All Types Symbol: ES Go Build Option Symbol

Select All or select the checkbox next to each transaction's symbol you wish to add to the selected Watch List.

Securities to Watch Add

Results No. 1 - 22 of 22 | page 1 of 1

Export to Excel

| Date | Settlement Date | Symbol | Description | Commission/Fees | Interest | Amount | Avg Price |
|---|---|---|---|---|---|---|---|
| 4/12/2011 | 4/15/2011 | ES | BOUGHT 28 SHARES OF ES AT $5.40 | ($7.00) | $0.00 | ($158.20) | No |
| 9/10/2010 | - | ES | ENERGYSOLUTIONS INC DEPOSITA DIVIDEND ON 293 SHARES OF ES @ .02500 | $0.00 | $0.00 | $7.33 | No |
| 8/20/2010 | 8/25/2010 | ES | BOUGHT 10 SHARES OF ES AT $4.65 | ($7.00) | $0.00 | ($53.50) | N/A |
| 7/16/2010 | 7/21/2010 | ES | BOUGHT 283 SHARES OF ES AT $4.75 | ($7.00) | $0.00 | ($1,351.25) | N/A |
| 3/22/2010 | 3/25/2010 | ES | SOLD 100 SHARES OF ES AT $6.00 | ($7.01) | $0.00 | $592.99 | N/A |
| 3/22/2010 | 3/25/2010 | ES | SOLD 70 SHARES OF ES AT $6.00 | ($0.01) | $0.00 | $419.99 | N/A |
| 3/12/2010 | - | ES | ENERGYSOLUTIONS INC DEPOSITA DIVIDEND ON 170 SHARES OF ES @ .02500 | $0.00 | $0.00 | $4.25 | N/A |
| 2/22/2010 | 2/25/2010 | ES | BOUGHT 7 SHARES OF ES AT $6.00 | ($7.00) | $0.00 | ($49.00) | N/A |
| 1/20/2010 | 1/25/2010 | ES | BOUGHT 28 SHARES OF ES AT $8.75 | ($7.00) | $0.00 | ($252.00) | N/A |
| 12/11/2009 | - | ES | ENERGYSOLUTIONS INC DEPOSITA DIVIDEND ON 135 SHARES OF ES @ .02500 | $0.00 | $0.00 | $3.38 | N/A |
| 9/11/2009 | - | ES | ENERGYSOLUTIONS INC DEPOSITA DIVIDEND ON 135 SHARES OF ES @ .02500 | $0.00 | $0.00 | $3.38 | N/A |
| 6/19/2009 | - | ES | ENERGYSOLUTIONS INC DEPOSITA DIVIDEND ON 135 SHARES OF ES @ .02500 | $0.00 | $0.00 | $3.38 | N/A |
| 4/21/2009 | 4/24/2009 | ES | BOUGHT 5 SHARES OF ES AT $9.45 | ($7.00) | $0.00 | ($54.25) | N/A |
| 3/13/2009 | - | ES | ENERGYSOLUTIONS INC DEPOSITA DIVIDEND ON 130 SHARES OF ES @ .02500 | $0.00 | $0.00 | $3.25 | N/A |
| 12/12/2008 | - | ES | ENERGYSOLUTIONS INC DEPOSITA DIVIDEND ON 130 SHARES OF ES @ .02500 | $0.00 | $0.00 | $3.25 | N/A |
| 11/3/2008 | 11/6/2008 | ES | BOUGHT 8 SHARES OF ES AT $4.78 | ($7.00) | $0.00 | ($45.24) | N/A |
| 9/12/2008 | - | ES | ENERGYSOLUTIONS INC DEPOSITA DIVIDEND ON 122 SHARES OF ES @ .02500 | $0.00 | $0.00 | $3.05 | N/A |
| 6/13/2008 | - | ES | ENERGYSOLUTIONS INC DEPOSITA DIVIDEND ON 116 SHARES OF ES @ .02500 | $0.00 | $0.00 | $2.90 | N/A |
| 5/29/2008 | 6/3/2008 | ES | BOUGHT 6 SHARES OF ES AT $22.43 | ($7.00) | $0.00 | ($141.58) | N/A |
| 3/13/2008 | - | ES | ENERGYSOLUTIONS INC DEPOSITA DIVIDEND ON 116 SHARES OF ES @ .02500 | $0.00 | $0.00 | $2.90 | N/A |
| 1/22/2008 | 1/25/2008 | ES | BOUGHT 16 SHARES OF ES AT $21.25 | ($7.00) | $0.00 | ($347.00) | N/A |
| 1/11/2008 | 1/16/2008 | ES | BOUGHT 100 SHARES OF ES AT $24.8199 | ($7.00) | [redacted] | $2,488.99) | N/A |

Ways To Fund | Site Map | Forms Center | Security Center | Privacy Statement | Website Terms & Conditions
Agreements & Disclosures | Contact Us | Glossary | Data Providers

None of the information provided should be considered a recommendation or solicitation to invest in, or liquidate, a particular security or type of security. Investors should fully research any security before making an investment decision.

Authorized account login and access indicates customer's consent to the Brokerage Account Agreement. Such consent is effective at all times when using this site. Unauthorized access is prohibited.

Scottrade, Inc. and Scottrade Bank are separate but affiliated companies and are wholly-owned subsidiaries of Scottrade Financial Services, Inc. Brokerage products and services offered by Scottrade, Inc. - Member FINRA and SIPC. Deposit products and services offered by Scottrade Bank, Member FDIC.

**Brokerage Products Not FDIC-Insured - Not Bank Guaranteed - May Lose Value**

*© Copyright 2013 Scottrade. All Rights Reserved.*

Enter Symbol Go
Research | Build Option
Quick Trade

DJIA $DJI 13,502.98 -31.91 (-0.24%)

NASDAQ $COMP 3,115.26 +4.49 (0.14%)

S&P 500 $SPX 1,471.64 -0.70 (-0.05%)

Market Closes in: 2 hours 44 minutes 1/16/2013 1:16 PM ET

Gary Emerson

SALT LAKE CITY UT 840

28 JAN 2013 PM 1 L

*EnergySolutions Securities Litigation*
c/o Gilardi & Co. LLC
Claims Administrator
P.O. Box 990
Corte Madera, CA 94976-0990

RECEIVED EC
FEB 2 0 2013
CLAIMS CENTER

ENERGY

CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2013, I submitted the foregoing to orders and judgments@nysd.uscourts.gov and e-mailed to the e-mail addresses denoted on the Court's Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 1, 2013.

s/ Evan J. Kaufman
EVAN J. KAUFMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

E-mail: ekaufman@rgrdlaw.com